# **EXHIBIT C**



Neutral
As of: December 8, 2023 5:49 PM Z

# Dr. Muhammad v. Annucci

United States District Court for the Southern District of New York

March 17, 2023, Decided; March 17, 2023, Filed

19 Civ. 3258 (GBD) (OTW)

**Reporter**
2023 U.S. Dist. LEXIS 45505 *; 2023 WL 2557314

DR. MUHAMMAD, Plaintiff in Propia Persona Sui Juris, Plaintiff, -against- ANTHONY J. ANNUCCI, Acting Commissioner; WILLIAM KEYSER, Superintendent, Sullivan Correctional Facility; GARY SIPPLE, Chief Security, Sullivan Correctional Facility; SERGEANT ROHAN, Sullivan Correctional Facility; NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Defendants.

**Prior History:** Dr. Muhammad v. Annucci, 2023 U.S. Dist. LEXIS 65480 (S.D.N.Y., Feb. 27, 2023)

## Core Terms

cane, allegations, amended complaint, motion to dismiss, Recommendation, monetary, equitable relief, damages

**Counsel:** [*1] Dr. Muhammad, Plaintiff in Propia Persona Sui Juris, Plaintiff, Pro se, New York, NY USA.

For Anthony J. Annucci, Acting Commissioner, in his individual and official capacity, William Keyser, Superintendent, in his individual and official capacity, Sullivan Correctional Facility, Gary Sipple, Chief of Security, in his individual and official capacity, Sullivan Correctional Facility, Prison Guard Rohan, in his individual and official capacity, Sullivan Correctional Facility, New York State Department of Corrections and Community Supervision, Defendants: David Cheng, New York State Office Of The Attorney General, New York, NY USA.

**Judges:** GEORGE B. DANIELS, United States District Judge.

**Opinion by:** GEORGE B. DANIELS

## Opinion

**MEMORANDUM DECISION AND ORDER**

GEORGE B. DANIELS, United States District Judge:

Plaintiff Dr. Muhammad, *pro se*, brings this action pursuant to the First and Fourteenth Amendments of the U.S. Constitution; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and 42 U.S.C. §§ 1983, 1985-1986 against Defendants William Keyser, Gary Sipple, and Sergeant Rohan, each of whom are employees of the Sullivan Correctional Facility (the "Facility"), as well as Defendant Anthony J. Annucci, the Acting Commissioner, and the New York State Department of Corrections and Community Supervision ("DOCCS") (collectively, "Defendants"). Plaintiff [*2] claims that Defendants, motivated by racial and religious animus, violated the U.S. Constitution, the ADA, and Plaintiff's civil rights by refusing to allow him to use his handmade walking cane and refusing to issue a substitute prison-approved cane while at the Facility. (*See* Am. CompL, ECF No. 48, ¶¶ 23-30.)

Defendants previously moved to dismiss Plaintiffs original complaint under Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6). (*See* Notice Mot. Dismiss, ECF No. 20; Defs.' Mem. Law Mot. Dismiss, ECF No. 21.) On March 19, 2020, this Court adopted a Report and Recommendation from Magistrate Judge Ona Wang, (2020 Report, ECF No. 40), and dismissed Plaintiffs complaint but granted leave to amend his claims for monetary damages and injunctive relief regarding Defendant Rohan's actions. (*See* Decision, ECF No. 42, at 7; 2020 Report at 17-18.) Because Title II of the ADA does not permit punitive damages in private suits, (*see* Decision at 6 (citing 2020 Report at 12)), or permit individual-capacity suits against state officials, (*id.* at 4 (citing 2020 Report at 5)), this Court dismissed all claims against Annucci, Keyser, and Sipple in their entirety and held amendment would be futile as to those claims, (*see id.*).

2023 U.S. Dist. LEXIS 45505, *2

Before this [*3] Court is Magistrate Judge Wang's February 27, 2023 Report and Recommendation, (the "Report," ECF No. 97), recommending that this Court grant Defendants' motion to dismiss the first amended complaint with prejudice, (Mot. Dismiss, ECF No. 74), and that Plaintiff be denied additional leave to further amend his amended complaint. (Report at 13.) In her Report, Magistrate Judge Wang advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (Id. at 14.) No party has filed objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I. FACTUAL ALLEGATIONS

Plaintiff is a Muslim man of Arab ethnicity born in the United States. (Am. Compl., ¶ 17.) He is "disable[d]" under 42 U.S.C. § 12102 because his "right leg is physically impaired" necessitating the use of a cane. (Id. ¶ 19.) On December 9, 2017, Plaintiff attempted to visit an inmate at the Facility with his walking cane. (Id. ¶¶ 16-19.) Defendant Rohan informed Plaintiff that Plaintiff would not be permitted to use his handmade cane and that the Facility had substitute canes for visitors. (Id. ¶¶ 22, 27.) However, Rohan refused to provide Plaintiff with a substitute [*4] cane, or contact his superiors when Plaintiff requested that he do so. (Id. ¶¶ 27-28, 30.) Additionally, Plaintiff states that Rohan refused to read a letter written by Plaintiffs medical doctor, which Plaintiff alleges authorized him to use his cane. (Id. ¶ 29.) Plaintiff claims that due to this incident, he now suffers from migraine headaches and depression. (Id. ¶ 39.)

Plaintiff pleads that the "atmosphere" at the Facility was "drenched with [d]iscrimination and [h]atred for Muslims and People of Color," and that "this negativity and sadistic, racist, inferior mentality emanated" from Rohan. (Id. ¶ 21.) Plaintiff claims that Rohan was a "sadistic, mentally deficient racist" who spoke in "a loud, arrogant, ignorant, disrespectful, savage tone of voice" when Rohan prevented Plaintiff from using his handmade cane. (Id. ¶¶ 22, 28.)

## II. LEGAL STANDARD

### A. Reports and Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). Clear error [*5] is present only when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Rule 12(b)(5) Insufficient Service of Process

Before a court "may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987); see also Qader v. Cohen & Slamowitz, No. 10 CV 01664 (GBD), 2011 U.S. Dist. LEXIS 2388, 2011 WL 102752, at *4 (S.D.N.Y. Jan. 10, 2011) ("[A] court without such jurisdiction lacks the power to dismiss a complaint for failure to state a claim." (quoting Arrowsmith v. United Press Int'l, 320 F. 2d 219, 221 (2d Cir. 1963)).

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Vidurek v. Koskinen, 789 F. App'x. 889, 893 (2d Cir. 2019) (citation omitted). "In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[] to matters outside the complaint to determine whether it has jurisdiction." George v. Prof. Disposables Int'l Inc., 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citation omitted). Although *pro se* plaintiffs are entitled to "special solicitude," Fowlkes v. Ironworkers Local 40, 790 F. 3d 378, 387 (2d. Cir. 2015), a plaintiff's *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law," Maisonet v. Metro. Hosp. & Health Hosp. Corp., 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009) (citation omitted).

### C. Rule 12(b)(1) Lack of Subject-Matter Jurisdiction

"[A] claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate [*6] it." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "A

2023 U.S. Dist. LEXIS 45505, *6

motion to dismiss for lack of Article III standing challenges the subject-matter jurisdiction of a federal court and, accordingly, is properly brought under Fed. R. Civ. P. 12(b)(1)." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020). To establish Article III standing, "a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 299-300 (2d Cir. 2021) (quoting *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618, 207 L. Ed. 2d 85 (2020)).

### D. Rule 12(b)(6) Failure to State a Claim

"To survive a motion to dismiss[ for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly, 550 U.S. at 555* (citation omitted).

In deciding a 12(b)(6) motion, the [*7] court must draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp.*, 709 F.3d 109, 119-20 (2d Cir. 2013). A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal, 556 U.S. at 679*. The court then considers whether the plaintiffs remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*

### III. PLAINTIFF'S CLAIMS ARE DISMISSED PURSUANT TO RULES 12(b)(5), 12(b)(1), AND 12(b)(6)

The Report correctly found that (1) Plaintiff performed insufficient service of process; (2) Plaintiff lacks Article III standing for equitable relief, thereby depriving this Court of subject-matter jurisdiction over his claim; and (3) Plaintiffs allegations fail to state a claim for monetary damages against Defendants. (*See* Report at 13.)

### A. Pursuant to Rule 12(b)(5), Plaintiff Failed to Serve Defendants

Magistrate Judge Wang properly determined that Plaintiffs renewed attempts to serve Defendants were insufficient under both Federal Rule of Civil Procedure 4 and New York Civil Practice Law & Rules ("CPLR") § 307. (*See* Report at 8.) Plaintiff hand-delivered five copies of the complaint to Jasmine Hughes, a clerk of the New York State Attorney General's Office. (*Id.* at 4.) However, Hughes is not a Defendant, a resident [*8] at one of Defendants' abodes, or an authorized agent of Defendants, as would be required to satisfy the requirements of service under Rule 4. (*Id.* at 8.) Plaintiffs attempts at service likewise did not comport with the requirements of CPLR § 307(2) for official capacity and agency claims: Hughes is not the chief executive officer of DOCCS or a person designated by the chief executive officer of DOCCS, and Plaintiff did not deliver the summons and amended complaint personally or by certified mail to the Defendants or the chief executive officer of DOCCS. (*See id.*) Personal service upon New York State pursuant to CPLR § 307(1) would also be insufficient for service on the individual Defendants sued in their individual capacities. *See* CPLR § 308.

Because Plaintiff did not meet his burden of effectuating proper service, this Court cannot exercise personal jurisdiction over Defendants. Magistrate Judge Wang properly found that Plaintiff is not entitled to further extension of time to cure his repeatedly deficient service at this late stage of the case. (*See* Report at 8-9.) Therefore, this Court adopts the Report's recommendation that the case be dismissed for insufficient service of process pursuant to Rules 12(b)(5) and 12(b)(2).

### B. Plaintiff Fails to [*9] State a Claim for Equitable Relief under Rule 12(b)(1)

Even had service been proper, the Report correctly found that Plaintiff lacks standing to seek equitable relief. (*Id.* at 12.) To be entitled to the equitable relief

2023 U.S. Dist. LEXIS 45505, *9

that Plaintiff seeks, (see Am. Compl. ¶ 4), Plaintiff must demonstrate that he has constitutional standing under Article III. (Report at 11-13.) Plaintiff must thereby demonstrate "*both* a likelihood of future harm *and* the existence of an official policy or its equivalent" because "[c]iting a past injury is not enough." (*Id.* at 12 (citing Shain v. Ellison, 356 F.3d 211, 215-16 (2d Cir. 2004).) Magistrate Judge Wang properly found that Plaintiff did not allege any facts demonstrating a likelihood of future harm, or even that Plaintiff has any intention to visit the Facility again. (*Id.*) Therefore, Plaintiffs claims for equitable relief are dismissed for lack of standing under Rule 12(b)(1).

### C. The Amended Complaint Fails to State a Claim under 12(b)(6)

Finally, even with proper service, Plaintiffs claims for monetary relief are insufficient to withstand a Rule 12(b)(6) motion. To state an ADA claim under the Second Circuit's test established in Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98 (2d Cir. 2006), Plaintiff must "allege a 'discriminatory animus or ill will based on [his] disability,'" (Report at 11 (quoting Garcia, 280 F.3d at 111)). The Report correctly [*10] notes that Plaintiff's amended complaint does not allege any facts suggesting Defendant Rohan's refusal to provide a substitute cane was motivated by a discriminatory animus or *because of* his disability. (*Id.*) As the Report properly explains, Plaintiff's conclusory allegations are also insufficient to support his claims for monetary damages under the alternative test in United States v. Georgia, 546 U.S. 151, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006), which requires a showing that the ADA violation also violated the Fourteenth Amendment.[1] (*See* Report at 10-11.) Therefore, because Plaintiffs claims for monetary damages fail under either standard, Plaintiff's monetary claims under the ADA are dismissed.

Plaintiff's amended complaint adds unsubstantiated and conclusory allegations regarding a general environment of discrimination within the Facility, which allegedly led Rohan to "conspire" with the Defendants and discriminate against Plaintiff on the basis of Plaintiff's race and religion. (*See id.*) Drawing all reasonable inferences in Plaintiffs favor, Rohan's alleged refusal to allow Plaintiff to use his handmade cane or to provide a substitute does not plausibly establish that Defendants' actions were motivated by a discriminatory animus; Plaintiff's bare allegations against Rohan [*11] evince no discernible connection to either race or religion. (*See id.*) Similarly, the amended complaint fails to demonstrate how Rohan's alleged refusal to offer Plaintiff a substitute accommodation for his impaired leg infringed Plaintiff's rights as a Muslim under the Free Exercise Clause of the First Amendment. Plaintiff's claims under the First Amendment, Fourteenth Amendment, and 42 U.S.C. § 1983 fail to meet the plausibility standard and are therefore dismissed.[2] *See* Twombly, 550 U.S. at 555 (citation omitted).

### IV. CONCLUSION

Magistrate Judge Wang's Report is ADOPTED. Defendants' motion to dismiss the first amended complaint, (ECF No. 74), is GRANTED with prejudice and without leave to further amend. The Clerk of Court is directed to close the open motion and this action.

Dated: March 17, 2023

New York, New York

SO ORDERED.

/s/ George B. Daniels

GEORGE B. DANIELS

United States District [*12] Judge

**End of Document**

---

[1] DOCCS thereby retains its immunity under the Eleventh Amendment. *See* Garcia, 280 F.3d at 114-15.

[2] New York Correction Law § 24 bars Plaintiff's New York State common-law intentional infliction of emotional distress and negligence claims, (*see* Am. Compl. ¶¶ 36-39, 49-52), against all individual Defendants outside the New York State Court of Claims. *See* Baker v. Coughlin, 11 F.3d 12, 15 (2d Cir. 1996). Even if they were not barred, Plaintiff's allegations are insufficient to show the degree of outrageousness required for emotional distress claims, *see* **Brown v. Town of E. Haddam**, 213 F.3d 625 (2d Cir. 2000), or negligence on the part of any Defendant.