# **EXHIBIT G**



Neutral
As of: December 8, 2023 6:10 PM Z

# Zaerpour v. JP Morgan Chase Bank

United States District Court for the Southern District of New York

August 8, 2022, Decided; August 8, 2022, Filed

21 Civ. 9680 (JPC) (JLC)

**Reporter**
2022 U.S. Dist. LEXIS 140869 *; 2022 WL 3159287

SOHEIL ZAERPOUR, Plaintiff, -v- JP MORGAN CHASE BANK et al., Defendants.

**Subsequent History:** Reconsideration denied by Soheil Zaerpour v. JP Morgan Chase Bank, 2022 U.S. Dist. LEXIS 148404 (S.D.N.Y., Aug. 18, 2022)

Related proceeding at Zaerpour v. Bank of Am. Corp., 2023 U.S. Dist. LEXIS 21593 (S.D.N.Y., Feb. 6, 2023)

## Core Terms

mail, electronic, summons, good cause, quotations, notice

**Counsel:** [*1] Soheil Zaerpour, Plaintiff, Pro se, Clifton, NJ.

For JP Morgan Chase Bank, Defendant: Boris Bershteyn, LEAD ATTORNEY, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY.

For Bank of America, Defendant: Adam Selim Hakki, Jeffrey Jason Resetarits, Richard Franklin Schwed, Shearman & Sterling LLP (NY), New York, NY.

For UBS, Defendant: Eric Jonathan Stock, Gibson, Dunn & Crutcher, LLP (NY), New York, NY.

For Citibank, Defendant: Andrew Arthur Ruffino, Covington & Burling LLP (NYC), New York, NY.

For HSBC, Defendant: Gregory Thomas Casamento, Locke Lord LLP (NYC), New York, NY.

For Goldman Sachs, Defendant: Rishi Nachiketa Zutshi, LEAD ATTORNEY, Daniel Christian Montgomery, Cleary Gottlieb Steen & Hamilton LLP (NYC), New York, NY.

For Deutsche Bank, Defendant: George Patrick Montgomery, LEAD ATTORNEY, King & Spalding LLP (DC), Washington, DC; Nicole M. Pereira, King & Spalding LLP, New York, NY.

For Royal Bank of Scotland, Defendant: Paul Steel Mishkin, LEAD ATTORNEY, Adam Gabor Mehes, John Michael Briggs, Davis Polk & Wardwell LLP (NYC), New York, NY.

For Credit Suisse Securities (USA) LLC, Defendant: David George Januszewski, Elai E. Katz, Herbert Scott Washer, Jason Michael Hall, Miles Wiley, [*2] Cahill Gordon & Reindel LLP, New York, NY.

**Judges:** JOHN P. CRONAN, United States District Judge.

**Opinion by:** JOHN P. CRONAN

## Opinion

### OPINION AND ORDER

JOHN P. CRONAN, United States District Judge:

Plaintiff Soheil Zaerpour, who is proceeding *pro se*, claims to be a currency trader. Dkt. 1 ("Complaint") at 12. On November 19, 2021, he filed suit against Defendants, who are "large international banks in charge of the Forex [foreign exchange] market," accusing them of "market manipulation against him and computer intrusions, surveillance and other charges motivated by malice and criminal conspiracy against the American people." *Id.* at 2. Zaerpour alleges that Defendants violated the United States Constitution, manipulated financial markets, violated federal antitrust laws, illegally spied on communications, and obstructed justice. *Id.* at 14. Zaerpour asserts that Defendants' motive against him arose from his "plan[] for World Peace as communicated to the World leaders since 1985 and the people of the world by the Baha'i international community in Haifa." *Id.* at 3.

On December 13, 2021, Zaerpour filed a document

2022 U.S. Dist. LEXIS 140869, *2

titled "Proof of Service" on the docket. Dkt. 18. Zaerpour's Proof of Service indicated that he made a certified [*3] mailing via the United States Postal Service to the nine Defendants on December 6, 2021. Id. at 2-3. While the Proof of Service did not reveal what documents he in fact mailed to Defendants, the docket sheet for this filing indicated that it was for the "Summons and Complaint," see ECF Entry for Dkt. 18, so the Court will assume for purposes of this Opinion and Order that those mailings contained the Complaint and Summons for each Defendant. All Defendants were served at New York addresses. Dkt. 18 at 2-3. Defendants' initial filing in the case, on December 23, 2021, objected to the sufficiency of Zaerpour's service of process and noted that Defendants reserved the right to contest service despite their appearances. Dkt. 47. Defendants then jointly moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) on February 10, 2022. Dkt. 53 ("Motion"). Zaerpour opposed the motion on February 16, 2022, Dkt. 57 ("Opposition"), and Defendants replied on March 17, 2022, Dkt. 58. Because Zaerpour is appearing pro se, the Court construes his submissions "liberally" and interprets them "to raise the strongest arguments that they suggest." Meadows v. United Servs., Inc., 963 F.3d 240, 243 (2d Cir. 2020) (quotations omitted).

Defendants argue that dismissal is warranted because "neither [*4] New York law nor federal law authorizes service on a corporation by certified mail." Motion at 7. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). The "plaintiff bears the burden of proving adequate service," and the Court "may look to materials outside of the pleadings" to determine whether proper service has occurred. Boustead Sec., LLC v. Leaping Grp. Co., No. 20 Civ. 3749 (VEC), 2020 U.S. Dist. LEXIS 197161, 2020 WL 6263754, at *1 (S.D.N.Y. Oct. 22, 2020).

Pursuant to Federal Rule of Civil Procedure 4(h), if "a domestic or foreign corporation" or "unincorporated association" is served "in a judicial district of the United States," that entity "must be served . . . in the manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).[1] Rule 4(e)(1), in turn, permits service "following state law for serving a summons in an action" in the state courts of "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 4(h) itself does not permit service of process on a corporation by certified mail. See Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588, 595-96 (E.D.N.Y. 2013).

New York, the state in which this Court is located and in which Zaerpour attempted [*5] to serve Defendants, provides several mechanisms for serving corporations. These include "[p]ersonal service" "to an officer, director, managing or general agent, or cashier . . . or to any other agent authorized by appointment or by law to receive service," N.Y. C.P.L.R. § 311(a)(1), and "first class mail, postage prepaid" "to the person or entity to be served," id. § 312-a(a). When a corporation is served via first class mail, the summons and complaint must be accompanied by "two copies of a statement of service by mail and acknowledgment of receipt . . . with a return envelope." Id. New York also allows "a business corporation" to "be served pursuant to" New York Business Corporation Law sections 306 and 307, id. § 311(a)(1), which permit service on a registered agent, by an otherwise permissible method, or on the New York Secretary of State, by personal service, see N.Y. Bus. Corp. Law §§ 306, 307. But "[s]ervice on a corporation solely by certified mail . . . is insufficient," as New York courts do not consider certified mail equivalent to first class mail. Conway v. Am. Red Cross, No. 10 Civ. 1859 (SJF) (ARL), 2010 U.S. Dist. LEXIS 120512, 2010 WL 4722279, at *4 (E.D.N.Y. Nov. 15, 2010); accord Saregama India, Ltd. v. Mosley, No. 12 Misc. 45 (LAK), 2012 U.S. Dist. LEXIS 39322, 2012 WL 955520, at *3 (S.D.N.Y. Mar. 20, 2012) (same); Terrell v. NBC Universal Media LLC, No. 18 Civ. 2354 (NG) (RLM), 2019 U.S. Dist. LEXIS 118566, 2019 WL 3206131, at *2 (E.D.N.Y. July 16, 2019) (same). And even if Zaerpour had served Defendants by first class mail, his proof of service did not show that he included the other documents New York requires to be included in such service. See Saregama India, Ltd., 2012 U.S.

---

[1] Rule 4(h)(2) provides that such an entity must otherwise be served "at a place not within any judicial district of the United States, in a manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). There is no suggestion that this provision would apply, as Zaerpour attempted to serve Defendants in New York.

2022 U.S. Dist. LEXIS 140869, *5

Dist. LEXIS 39322, 2012 WL 955520, at *3.

Zaerpour responds by arguing [*6] that he validly served Defendants via Electronic Case Filing ("ECF") pursuant to Federal Rule of Civil Procedure 5 and this District's ECF Rules 9.1 and 9.2. Opposition at 2. Rule 5, though, only applies to documents filed *after* the initial Complaint. *See* Fed. R. Civ. P. 5(a)(1); *see also* Doe v. Paychex, Inc., No. 17 Civ. 2031 (VAB), 2020 U.S. Dist. LEXIS 6692, 2020 WL 219377, at *9 (D. Conn. Jan. 15, 2020) ("Once the court has asserted jurisdiction over a party [under Rule 4], subsequent papers are served under the less formal methods set forth in Rule 5" (quotation omitted)). Similarly, ECF Rules 9.1 and 9.2 concern the service by electronic delivery of documents to attorneys or *pro se* parties who are "Filing or Receiving Users who are listed as recipients of notice by electronic mail," which service is complete upon a Notice of Electronic Filing. *See* S.D.N.Y. ECF R. 9.1, 9.2.[2] In other words, when a document is filed on ECF, it is deemed served on any such "Filing or Receiving User." At the time the Complaint and the summonses were filed, however, Defendants were not listed on ECF as recipients by electronic mail because they had not yet made appearances on ECF. *Compare* Dkts. 1, 4-12, *with* Dkts. 19, 22, 24-27, 30-34, 36-38, 40-41, 43, 45. Thus, while certain filings in this case may have been electronically served on Defendants pursuant to Rule 9.1 *following* the filing of the summonses and the Complaint, the summonses and [*7] the Complaint themselves could not have been served on Defendants by such means. And regardless, even if somehow the local rules sanctioned electronic service of a summons or complaint, Federal Rule of Civil Procedure 4(h), combined with New York Civil Practice Law and Rule section 311(a)(1), plainly does not. "[I]t is axiomatic that the Federal Rules of Civil Procedure trump inconsistent interpretations of local rules." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004); *see also* 28 U.S.C. § 2071(a) (mandating that local rules be consistent with the Federal Rules of Civil Procedure).

Federal Rule of Civil Procedure 4(m) instructs that the Court "must dismiss the action without prejudice . . . or order that service be made within a specified time," and that the Court may extend the time for service "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). The Court may also extend the time for service in its discretion even absent a finding of good cause. *See* Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). Zaerpour does not request an extension of his time to serve the summonses and the Complaint, despite being on notice for nearly eight months that Defendants were challenging the sufficiency of service.

"In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant," and "[g]ood cause is generally [*8] found only in exceptional circumstances where the plaintiff's failure . . . was . . . beyond its control." Vaher v. Town of Orangetown, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (quotations omitted). Zaerpour does not attempt to argue that he had good cause for his failure to properly effect service. *See generally* Opposition. Nor has he attempted to serve Defendants properly since Defendants raised with the Court their view that service was defective. *Cf.* Mecca v. Lennon, No. 16 Civ. 1414 (LDW), 2017 U.S. Dist. LEXIS 59550, 2017 WL 1410790, at *4 (E.D.N.Y. Apr. 18, 2017) (curing late, but otherwise proper, service by granting an extension of the time to serve *nunc pro tunc*). And "[a]lthough *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (quotations omitted). Thus, the Court does not find that Zaerpour had good cause for his failure to serve Defendants.

The Court next considers whether Zaerpour should be granted an extension despite the absence of good cause. *See* Vaher, 916 F. Supp. 2d at 418. "[C]ourts in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendants had actual notice of the claims asserted in the complaint; (3) whether defendants attempted to conceal the defect in service; and (4) [*9] whether defendants would be prejudiced." Id. at 420 (alterations and quotations omitted).

As to the first factor, Defendants alternatively argue that Zaerpour's claims are time-barred, *see* Motion at 8-9, so the Court "assume[s] for purposes of this motion that at least some of [Zaerpour]'s claims would be barred,"

---

[2] Rule 9.1 provides that "[i]n cases assigned to the ECF system, service is complete provided all parties receive a Notice of Electronic Filing (NEF), which is sent automatically by email from the Court." S.D.N.Y. ECF R. 9.1. Rule 9.2 concerns service on attorneys and *pro se* parties who are not "Filing or Receiving Users." S.D.N.Y. ECF R. 9.2.

Page 3 of 4

2022 U.S. Dist. LEXIS 140869, *9

Vaher, 916 F. Supp. 2d at 421. But Defendants' argument is that the statutes of limitations expired many years before Zaerpour filed this suit, see Motion at 8-9, so any timeliness issues raised by Defendants would not be triggered by a second, later filing. Indeed, any additional delay between the original filing of this action and any re-filing would likely be immaterial. Next, Defendants, who all appeared in this action, evidently received actual notice of Zaerpour's claims. But far from concealing the service defect, Defendants raised it in their first submission to the Court, one month after the commencement of this action. See Dkt. 47 (noting in an extension request that "plaintiff's purported service of process . . . was facially insufficient . . . and defendants intend to contest service"). Despite that, Zaerpour did nothing. And he still does nothing, either in terms of requesting an extension of his time [*10] to serve or otherwise attempting to properly effect service. Defendants have also suffered prejudice by Zaerpour's delay. The prejudice is particularly heightened when "both the service period and the statute of limitations have long since expired." Vaher, 926 F. Supp. 3d at 421. While "[i]t is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period," and "it is equally obvious that any plaintiff would suffer" the effect of the statute of limitations, "no weighing of the prejudices . . . can ignore that the situation is the result of the plaintiff's neglect." Zapata, 502 F.3d at 198. Balancing these factors, the Court finds that an extension is inappropriate. See Vaher, 916 F. Supp. 2d at 421 (declining to extend a plaintiff's time to serve when "two factors favor[ed] Plaintiff and two factors favor[ed] Defendants").

For the foregoing reasons, the Complaint is dismissed without prejudice.[3] The Court does not reach Defendants' remaining arguments for dismissal. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 52, to close this case, and to enter judgment.

SO ORDERED.

Dated: August 8, 2022

New York, New York

_____

[3] Zaerpour's request for leave to amend the Complaint, Opposition at 14, is denied as moot, because this dismissal is for lack of service, not because of any substantive defect in his pleading.

/s/ John P. Cronan

JOHN P. CRONAN

United States District Judge [*11]

End of Document