UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI COUTO, an individual,<br><br>Plaintiff,<br><br>-against-<br><br>JPMORGAN CHASE & CO., a Delaware corporation,<br><br>Defendant. | Case No.: 1:23-cv-09306-LTS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
JPMORGAN CHASE & CO.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT WITH PREJUDICE**

On the Brief:
Scott W. Parker, Esq. (Parker Ibrahim & Berg LLP)
Diane C. Ragosa, Esq. (Parker Ibrahim & Berg LLP)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY...................................................2

LEGAL ARGUMENT..............................................................................................................3

    I.     THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT
          UNDER FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM .......................3

          A.  Motion to Dismiss – Standard of Review .............................................4

          B.  There is No Enforceable Contract Between the Parties –
              Silence is Not Acceptance .....................................................................5

          C.  Plaintiff Improperly Brought This Action Against the Parent
              Company of the Home Lending Subsidiary..........................................7

    II.    THIS COURT SHOULD ALSO DISMISS PLAINTIFF'S COMPLAINT
          UNDER FRCP 12(b)(5) DUE TO IMPROPER SERVICE, AND
          FRCP 12(b)(2) DUE TO LACK OF PERSONAL JURISDICTION ...................9

    III.   PUBLIC POLICY WEIGHS HEAVILY IN FAVOR OF THE REJECTION
          OF PLAINTIFF'S ATTEMPT TO DEMAND A $505 BILLION "LOAN"
          UNDER THE GUISE OF AN ENFORCEABLE CONTRACT .......................12

CONCLUSION......................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Albrecht Chem. Co. v. Anderson Trading Corp.*,
 298 N.Y. 437 (1949) .................................................................................................... 6

*Am. Federated Title Corp. v. GFI Mgmt. Servs.*,
 716 F. App'x 23 (2d Cir. 2017).................................................................................. 8, 9

*Anders v. Verizon Communs. Inc.*,
 No. 16-CV-5654 (VSB), 2018 U.S. Dist. LEXIS 95303 (S.D.N.Y. June 5, 2018) .................. 12

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..................................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544, 127 S. Ct. 1955 (2007) .......................................................................... 4

*Bigio v. Coca -Cola Co.*,
 675 F.3d 163 (2d Cir. 2012)......................................................................................... 8

*Bonacasa Realty Co., LLC v. Salvatore*,
 2013 NY Slip Op 5979, 109 AD3d 946 (App. Div. 2nd Dept. 2013)......................... 9

*Conley v. Gibson*,
 355 U.S. 41 (1957) ....................................................................................................... 4

*Conway v. Am. Red Cross*,
 No. CV 10-1859 (SJF)(ARL), 2010 U.S. Dist. LEXIS 120512 (E.D.N.Y. Nov. 15, 2010) ..... 11

*Diarassouba v. Urban*,
 71 AD3d 51 (2d Dept. 2009)........................................................................................ 5

*Dr. Muhammad v. Annucci*,
 2023 US Dist. LEXIS 45505 (S.D.N.Y. Mar. 17, 2023) ............................................ 11

*Dyer v. Broadway Cent. Bank*,
 225 AD 366 (1st Dept. 1929) ..................................................................................... 12

*Emerald Town Car of Pearl River, LLC v. Philadelphia Indem. Ins. Co.*,
   No. 16 CIV. 1099, 2017 U.S. Dist. LEXIS 56805 (S.D.N.Y. Apr. 12, 2017) ............................ 5

*Fischer & Mandell, LLP v. Citibank, N.A.*,
   632 F.3d 793 (2d Cir. 2011) ............................................................................................... 5

*Fuji Photo Film U.S.A., Inc. v. McNulty*,
   669 F. Supp. 2d 405 (S.D.N.Y. 2009) ................................................................................ 6

*Holloway v. King*,
   161 F. App'x 122 (2d Cir. 2005) ......................................................................................... 4

*In re SunEdison, Inc.*,
   576 B.R. 453 (Bankr. S.D.N.Y. 2017) ................................................................................ 6

*Karlin v. Avis*,
   457 F.2d 57 (2d Cir. 1972) ................................................................................................. 6

*Kolchins v. Evolution Mkts., Inc.*,
   128 AD3d 47 (App. Div. 1st Dept. 2015) ........................................................................... 5

*Kowalchuk v. Stroup*,
   61 AD3d 118 (App. Div. 1st Dept. 2009) ........................................................................... 5

*Lamda Sols. Corp. v. HSBC Bank USA, N.A.*,
   574 F. Supp. 3d 205 (S.D.N.Y. 2021) ...................................................................... 5, 6, 13

*Maisonet v. Metro. Hosp. & Health Hosp. Corp.*,
   640 F. Supp. 2d 345 (S.D.N.Y. 2009) .............................................................................. 11

*Matter of Morris v. New York State Department of Taxation & Finance*,
   82 N.Y.2d 135 (1993) ........................................................................................................ 8

*Micro Fines Recycling Owega LLC v. Ferrex Eng'g, Ltd.*,
   585 F. Supp. 3d 289 (N.D.N.Y. 2022) ................................................................................ 9

*Savage v. Galaxy Media & Mktg. Corp.*,
   2012 U.S. Dist. LEXIS 93944 (S.D.N.Y. July 5, 2012) ....................................................... 8

*Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*,
    455 F. App'x 102 (2d Cir. 2012) .................................................................................. 5

*Welch v. Hertz Car Rental Agency*,
    No. 1:18-CV-00717 EAW, 2019 U.S. Dist. LEXIS 43962 (W.D.N.Y. Mar. 18, 2019) ........... 11

*Zaerpour v. JP Morgan Chase Bank*,
    2022 U.S. Dist. LEXIS 140869 (S.D.N.Y. Aug. 8, 2022) ....................................... 11

**Statutes**

8 Del. Code 321 (a) ............................................................................................................. 11

8 Del. Code 321 (b) ............................................................................................................. 11

New York BCL 306(a) ........................................................................................................ 10

**Other Authorities**

JOHN D. CALAMARI & JOSEPH M. PERILLO, THE LAW OF CONTRACTS § 2-18
    (3d ed. 1987) .................................................................................................................. 6

Restatement 2d of Contracts, § 69 (1981) ....................................................................... 6-7

**Rules**

CPLR 308 .................................................................................................................... 10, 11

CPLR 311(a)(1) .................................................................................................................. 10

FRCP 4(e)(1) ...................................................................................................................... 10

FRCP 4(h)(1) ........................................................................................................................ 9

FRCP 12(b)(2) ........................................................................................................... 1, 2, 9, 11

FRCP 12(b)(5) ........................................................................................................... 1, 2, 9, 11

FRCP 12(b)(6) ............................................................................................................. 1, 3, 4, 7

Defendant JPMorgan Chase & Co. ("Defendant") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint, seeking entry of an Order: (i) dismissing the Complaint (the "Complaint") filed by Plaintiff Yuri Couto ("Plaintiff"), pursuant to Federal Rule of Civil Procedure ("FRCP") §§ 12(b)(2), 12(b)(5) and 12(b)(6), with prejudice; and (ii) granting such other and further relief as this Court may deem just and proper (the "Motion").

## PRELIMINARY STATEMENT

Defendant respectfully submits that this Court should dismiss Plaintiff's Complaint under FRCP 12(b)(6), because the Complaint fails to plead and/or state a claim upon which relief may be granted.

Plaintiff's Complaint alleges breach of contract against Defendant, based on allegations that on October 5, 2023, Plaintiff sent a so-called "contract novation" offer (the "Offer") to Defendant, which Defendant allegedly accepted simply by failing to respond to the Offer in any way. The Offer stipulates that Plaintiff promises to pay Defendant $505,460,999,439.00 in consideration of the same amount of loan funds delivered by Defendant to Plaintiff's account within five business days of the Offer's delivery.

Plaintiff's Complaint fails to state a claim against Defendant because there can be no breach of contract where there is no enforceable contract between the parties. It is well-settled that an offeror cannot transform an offeree's silence into acceptance when there is no evidence that the offeree intended to accept the offer.

Additionally, Plaintiff improperly brought this action against JPMorgan Chase & Co., the parent company of its home lending subsidiary, JPMorgan Chase Bank, N.A. – which is the entity to which Plaintiff allegedly submitted a home loan application. To the extent that the Complaint can be read as attempting to pierce the corporate veil or rely on an agency or alter ego theory to

hold Defendant liable for the alleged actions of a subsidiary, there is nothing in the Complaint supporting such a claim. Further, even assuming, *arguendo,* that Plaintiff has stated a valid claim for breach of contract (and he has not), such a claim, as a matter of law, does not warrant piercing the corporate veil. As such, Plaintiff's allegations are subject to dismissal for failure to state a claim for this additional, independent reason.

This Court should also dismiss Plaintiff's Complaint under FRCP 12(b)(5) due to improper service, and FRCP 12(b)(2) due to lack of personal jurisdiction. Plaintiff's attempt to serve the Complaint by Certified Mail on Defendant's authorized agent in Delaware fails to comply with the requirements for proper service under either the Federal Rules of Civil Procedure or state rules in New York or Delaware.

Finally, this Court should dismiss Plaintiff's Complaint as contrary to public policy. It is incompatible with the United States' economic system and with sound public policy to allow a claim in which one person unilaterally asserts rights to a $505 billion "loan" from a financial institution, and then demands those funds – which is what Plaintiff seeks to do in this action.

Based on the foregoing, and for the additional reasons set forth herein, it is respectfully submitted that Defendant's Motion should be granted in its entirety and the Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS & PROCEDURAL HISTORY

On October 21, 2023, Plaintiff filed a complaint against Defendant, alleging that: (i) on September 27, 2023, Plaintiff submitted a digital home purchase loan application through Defendant's website; (ii) on October 5, 2023, Plaintiff sent Defendant a "contract novation" offer entitled "HOME PURCHASE LOAN APPLICATION NOVATION" (the "Offer"), which specified that acceptance of the Offer would be completed by "retention of the original Offer

document for five business days after its delivery"; and (iii) on October 13, 2023, the Offer became a "binding contract" under which Plaintiff promised to pay Defendant "$505,460,999,439.00 (five hundred billion four hundred sixty million nine hundred ninety nine thousand four hundred thirty-nine and 00/100 dollars) (the "Total Amount"), in consideration of the Total Amount of loan funds delivered by Defendant to Plaintiff's account within five business days of the Offer's delivery. (*See* Doc. No. 1, ¶¶ 104.)

Based on these allegations, Plaintiff alleges breach of a "binding contract," and seeks specific performance or, alternatively, "monetary recuperation of the Total Amount." (*See id.*)

On November 14, 2023, the Court issued a Summons to Defendant.

On November 24, 2023, Plaintiff allegedly served Defendant by serving a copy of the Summons and Complaint on The Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware 19801, via Certified Mail. (*See* ECF Docket, Doc. No. 7.) Service by Certified Mail was actually not received until December 1, 2023. (*See* Affirmation of Diane C. Ragosa is Support of Motion to Dismiss, Ex. A.)

**LEGAL ARGUMENT**

I. **THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT UNDER FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM**

Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(6), due to Plaintiff's failure to plead and/or state a claim on which relief can be granted. There is no enforceable contract between the parties, and as such, Plaintiff has not and cannot state a plausible claim for breach of contract.

### A. Motion to Dismiss – Standard of Review

Rule 12(b)(6) requires that a complaint "contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955, 1965 (2007) (internal citation omitted).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotation marks and citation omitted).

Under Rule 12(b)(6), dismissal is warranted if it appears beyond doubt that the party asserting the claim "can prove no set of facts in support of their claims which would entitle them to relief." *Holloway v. King*, 161 F. App'x 122, 124 (2d Cir. 2005) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While, in the context of a motion to dismiss, the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 662.

Here, Plaintiff's Complaint fails to meet the legal requirements set forth in *Twombly* and *Iqbal*. Even if Plaintiff's allegations are accepted as true and are viewed in the light most favorable to the non-moving party, Plaintiff failed to sufficiently plead and/or state a legally cognizable claim against Defendant, thereby warranting dismissal of the Complaint with prejudice.

**B. There is No Enforceable Contract Between the Parties – Silence Is Not Acceptance**

There is no enforceable contract between Plaintiff and Defendant in this action, and, therefore, no breach of contract. This Court should reject Plaintiff's bare allegations to the contrary, and dismiss Plaintiff's Complaint.

"Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Lamda Sols. Corp. v. HSBC Bank USA, N.A.,* 574 F. Supp. 3d 205, 213 (S.D.N.Y. 2021) (citing *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011)).

"'To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Lamda,* 574 F. Supp. 3d at 213 (citing *Kowalchuk v. Stroup*, 61 AD3d 118, 121 (App. Div. 1st Dept. 2009)).

Moreover, "'[a]s a general rule, in order for an acceptance to be effective, it must comply with the terms of the offer and be clear, unambiguous and unequivocal.'" *Lamda,* 574 F. Supp. 3d at 214 (citing *Kolchins v. Evolution Mkts., Inc.*, 128 AD3d 47 (App. Div. 1st Dept. 2015)); *see also Diarassouba v. Urban*, 71 AD3d 51, 58 (2d Dept. 2009) ("In order to produce a legal contract, there must be an actual acceptance . . . . Such acceptance must be clear and unequivocal . . . and, thus, cannot be ambiguous . . . . As such, a silence which breeds ambiguity cannot constitute acceptance.") (citations omitted).

Additionally, to establish that a contract exists or was breached, "[c]onclusory allegations . . . do not suffice." *Emerald Town Car of Pearl River, LLC v. Philadelphia Indem. Ins. Co.*, No. 16 CIV. 1099, 2017 U.S. Dist. LEXIS 56805, at *18 (S.D.N.Y. Apr. 12, 2017) (citation omitted); *see also Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 F. App'x 102, 104 (2d Cir. 2012) ("[T]his conclusory allegation is insufficient to plead tortious conduct.").

For these reasons, "a breach of contract claim 'that fails to allege facts sufficient to show that an enforceable contract existed between the parties is subject to dismissal.'" *Lamda,* 574 F. Supp. 3d at 213 (citing *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009)).

While there are some very limited circumstances under which silence can constitute acceptance of a contractual agreement, "[a]n offeror has no power to transform an offeree's silence into acceptance when the offeree does not intend to accept the offer." *Karlin v. Avis*, 457 F.2d 57, 61-62 (2d Cir. 1972) (citing *Albrecht Chem. Co. v. Anderson Trading Corp.*, 298 N.Y. 437, 439 (1949) ("[W]here the recipient of an offer is under no duty to speak, silence, when not misleading, may not be translated into acceptance merely because the offer purports to attach that effect to it.")); *see also In re SunEdison, Inc.,* 576 B.R. 453, 458-59 (Bankr. S.D.N.Y. 2017) ("[T]he offeror cannot ordinarily force the other party into a contract by saying, 'If I do not hear from you by next Tuesday, I shall assume you accept.'") (citing JOHN D. CALAMARI & JOSEPH M. PERILLO, THE LAW OF CONTRACTS § 2-18, at 83 (3d ed. 1987)).

Translating silence into acceptance "because the offer purports to attach that effect to it" is exactly what Plaintiff is attempting to do here. *Karlin*, 457 F.2d at 61-62. Further, New York law regarding silence as acceptance is aligned with, and supported by, the Restatement of Contracts. *See id.* The Restatement specifically identifies the narrow exceptions under which silence and inaction operate as acceptance – none of which apply to this case:

> ACCEPTANCE BY SILENCE OR EXERCISE OF DOMINION.
>
> (1) Where an offeree fails to reply to an offer, his silence and inaction operate as an acceptance *in the following cases only*:
>
>> (a) Where an offeree takes the benefit of offered services with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation.

> (b) Where the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction, and the offeree in remaining silent and inactive intends to accept the offer.
>
> (c) Where because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept.
>
> (2) An offeree who does any act inconsistent with the offeror's ownership of offered property is bound in accordance with the offered terms unless they are manifestly unreasonable. But if the act is wrongful as against the offeror it is an acceptance only if ratified by him.

Restatement 2d of Contracts, § 69 (1981).

Here, Plaintiff cannot – and, indeed, does not – argue that Defendant took or obtained any benefit from the Offer, or manifested any intent to accept the Offer. Nor does Plaintiff argue that there were any previous dealings of any kind between the parties that could have given Plaintiff a reason to expect that silence implied acceptance of the Offer.[1]

Accordingly, Plaintiff's Complaint fails to establish the existence of any enforceable contract between the parties, given that Plaintiff failed to plead any facts supporting his allegation that Defendant either intended to accept the Offer, or was under any duty to accept the Offer. As such, Plaintiff has not and cannot transform Defendant's silence into acceptance.

### C. Plaintiff Improperly Brought This Action Against the Parent Company of the Home Lending Subsidiary

Plaintiff improperly brought this action against JPMorgan Chase & Co., the parent company of its home lending subsidiary, JPMorgan Chase Bank, N.A. – which is the entity to which Plaintiff allegedly submitted a home loan application. For this additional reason, this Court should dismiss the Complaint for failure to state a claim, pursuant to FRCP 12(b)(6).

---

[1] To the extent Plaintiff argues to the contrary, Plaintiff's unilateral submission of a loan modification application to Defendant through its website on September 27, 2023 – eight days before Defendant allegedly received Plaintiff's Offer – cannot be reasonably construed to constitute a prior business relationship between the parties.

Plaintiff alleges that on September 27, 2023, he submitted a digital home purchase loan application through Defendant's website, and on October 5, 2023, he sent Defendant the Offer entitled "HOME PURCHASE LOAN APPLICATION NOVATION."  The entity to which Plaintiff allegedly submitted a "home purchase loan application", however, is JPMorgan Chase Bank, N.A.  *See* https://www.chase.com/personal/mortgage_/b2b/corporate-mortgage ("Home lending products provided by JPMorgan Chase Bank, N.A. Member FDIC. . . . JPMorgan Chase Bank, N.A. is a wholly-owned subsidiary of JPMorgan Chase & Co.").  Plaintiff, however, improperly brought this action against JPMorgan Chase & Co., the parent company.  To the extent the Complaint can be read as attempting to pierce the corporate veil or rely on an agency or alter ego theory to hold Defendant liable for the alleged actions of a subsidiary, such argument fails.

*First,* the Complaint failed to allege *any* facts to support an attempt to pierce the corporate veil, let alone sufficient facts to support such a claim.  *See Am. Federated Title Corp. v. GFI Mgmt. Servs.*, 716 F. App'x 23, 27-28 (2d Cir. 2017) ("'Generally, . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) [ ] such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury.'") (quoting *Matter of Morris v. New York State Department of Taxation & Finance*, 82 N.Y.2d 135, 141 (1993)) (*i.e.*, the New York Court of Appeals decision that established the "applicable standard under New York law." *Am. Federated Title*, 716 F. App'x at 28).)

Here, Plaintiff's failure to allege sufficient facts to support a claim against Defendant renders his Complaint subject to dismissal.  *See, e.g., Bigio v. Coca -Cola Co.*, 675 F.3d 163, 175 (2d Cir. 2012) ("A corporate parent's ownership interest in a subsidiary, standing alone, is insufficient to demonstrate the existence of an agency relationship."); *Savage v. Galaxy Media &*

*Mktg. Corp.*, 2012 U.S. Dist. LEXIS 93944, at *25-*26 (S.D.N.Y. July 5, 2012) (granting defendants' motion to dismiss a breach of contract claim where plaintiff "cannot pierce the corporate veil to reach" defendants).

*Second,* even assuming, *arguendo,* that Plaintiff has stated a valid claim for breach of contract (and he has not), such a claim, as a matter of law, does not warrant piercing the corporate veil. *See Am. Federated Title*, 716 F. App'x at 28 ("[I]n New York as elsewhere, 'a simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil.'") (citing *Bonacasa Realty Co., LLC v. Salvatore*, 2013 NY Slip Op 5979, ¶ 2, 109 AD3d 946, 947 (App. Div. 2nd Dept. 2013)); *see also Micro Fines Recycling Owega LLC v. Ferrex Eng'g, Ltd.*, 585 F. Supp. 3d 289, 296 (N.D.N.Y. 2022) ("[C]ourts have made clear that 'a simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil.'" (citing *Bonacasa Realty*, 109 A.D.3d at 947)).

Accordingly, because Plaintiff improperly brought this action against the parent company, this Court should dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim.

## II. THIS COURT SHOULD ALSO DISMISS PLAINTIFF'S COMPLAINT UNDER FRCP 12(b)(5) DUE TO IMPROPER SERVICE, AND FRCP 12(b)(2) DUE TO LACK OF PERSONAL JURISDICTION

Defendant respectfully submits that this Court should also dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(5), due to improper service, and FRCP 12(b)(2), due to lack of personal jurisdiction. Plaintiff allegedly effectuated service by Certified Mail on Defendant's authorized agent – which is a method of service not permitted by either the Federal Rules of Civil Procedure or state rules in New York or Delaware. Further, because Plaintiff did not properly effectuate service, this Court cannot exercise personal jurisdiction over the Defendant. Accordingly, dismissal is warranted for this additional, independent reason.

Pursuant to FRCP 4(h)(1):

SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Pursuant to FRCP 4(e)(1), service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made."

In New York state, the "state where the district is located," Civil Practice Law and Rules ("CPLR") § 311(a)(1) requires that a domestic corporation be personally served on, *inter alia,* an "agent authorized by appointment or by law to receive service." CPLR 311(a)(1) further provides that "[a] business corporation may also be served pursuant to [Business Corporation Law ("BCL") § 306]." Under New York BCL 306(a), service of process may be made in the manner provided by law "as if the registered agent was a defendant." And under CPLR 308, personal service on a defendant shall be made by (1) "delivering the summons . . . to the person to be served," (2) "delivering the summons . . . to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode" *and* "by mailing . . . at his or her last known residence" or "by first class mail . . . at his or her actual place of business,: (3) "by delivering the summons "to the agent for service," or (4) where other service cannot be made with diligence, by "affixing . . . to the door of either the actual place of business, dwelling place or usual place of

abode," *and* "by mailing . . . by first class mail . . . to his or her last known residence" or "actual place of business." CPLR 308 (emphasis added).

Likewise, in Delaware, the state "where service is made," under 8 Del. Code § 321, service is effectuated by (1) "delivering a copy personally to . . . the registered agent," or (2) by leaving it at "the registered office or other place of business of the corporation," or if service under (1) or (2) is not feasible, by service upon the Secretary of State. (8 Del. Code 321 (a) and (b).)

In sum, service by Certified Mail is not a permissible form of service of process under either the Federal Rules of Civil Procedure or state rules in New York or Delaware.

As such, dismissal is warranted due to both improper service and lack of personal jurisdiction. *See Dr. Muhammad v. Annucci*, 2023 US Dist. LEXIS 45505, at *5 (S.D.N.Y. Mar. 17, 2023) (dismissing under FRCP 12(b)(5) for insufficient service, and FRCP 12(b)(2), given that "[b]ecause Plaintiff did not meet his burden of effectuating proper service, this Court cannot exercise personal jurisdiction over Defendants"); *id.* (holding that "a plaintiff's pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (citing *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009) (citation omitted)); *see also Welch v. Hertz Car Rental Agency, No.* 1:18-CV-00717 EAW, 2019 U.S. Dist. LEXIS 43962, at *17 (W.D.N.Y. Mar. 18, 2019) (dismissing under Rule 12(b)(5), and holding that "Plaintiff has failed to properly serve Defendants or to make any meaningful effort to do so"); *Conway v. Am. Red Cross*, No. CV 10-1859 (SJF)(ARL), 2010 U.S. Dist. LEXIS 120512, at *11 (E.D.N.Y. Nov. 15, 2010) ("Service on a corporation solely by certified mail, return receipt requested is insufficient."); *Zaerpour v. JP Morgan Chase Bank*, 2022 U.S. Dist. LEXIS 140869, at *5 (S.D.N.Y. Aug. 8, 2022) ("But '[s]ervice on a corporation solely by certified mail . . . is insufficient,' as New York courts do not consider certified mail equivalent to first class mail.").

### III. PUBLIC POLICY WEIGHS HEAVILY IN FAVOR OF THE REJECTION OF PLAINTIFF'S ATTEMPT TO DEMAND A $505 BILLION "LOAN" UNDER THE GUISE OF AN ENFORCEABLE CONTRACT

In addition to the lack of an enforceable contract between the parties, or any contractual breach, and improper service of process, this Court should also dismiss Plaintiff's Complaint as contrary to public policy.

It is incompatible with the United States' economic system, and with sound public policy, to allow a claim in which one person unilaterally asserts rights to a $505 billion "loan" from a financial institution and demands those funds – which is what Plaintiff seeks to do in this action. *See Anders v. Verizon Communs. Inc.*, No. 16-CV-5654 (VSB), 2018 U.S. Dist. LEXIS 95303, at *23-24 (S.D.N.Y. June 5, 2018) (granting motion to dismiss where "the alleged agreement, if enforced, would be contrary to public policy. . . . In New York, an agreement 'may be unenforceable as contrary to public policy . . . if the sovereign has expressed a concern for the values underlying the policy implicated.'" (citation omitted)); *Dyer v. Broadway Cent. Bank*, 225 AD 366, 367 (1st Dept. 1929) ("It is . . . settled law that where a contract affirmatively appears to be . . . one condemned by public policy, a court will on its own motion refuse to enforce it.").

Here, if one party can simply make an enforceable demand for a $505 billion loan from a second party with which it has had no prior business dealings – with no demonstration of creditworthiness – by simply sending that second party a contract, and then construing the second party's silence as acceptance of the contract, that would have the effect of discarding and disregarding the well-understood and well-accepted requirements for contract formation under New York law.

Indeed, in the scenario contemplated in Plaintiff's Complaint, the elements of contract formation *following* an offer – *i.e.*, acceptance of the offer, consideration, mutual assent, and an

intent to be bound (*see Lamda,* 574 F. Supp. 3d at 213) – would be eliminated in favor of simply sending out an offer with a deadline, and then construing silence regarding the offer to be a binding contract. Simply put, that would yield chaos.

For this additional reason, this Court should reject Plaintiff's attempt to demand a $505 billion loan under the guise of an enforceable contract.

## CONCLUSION

For all of the forgoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

**WHEREFORE**, Defendant respectfully requests that the Court grant the Motion to Dismiss the Complaint, with prejudice, and grant such other and further relief as this Court may deem just and proper.

Date:    New York, New York
          December 8, 2023

**PARKER IBRAHIM & BERG LLP**
*Attorneys for Defendant*,
JPMorgan Chase & Co.

_____
Scott W. Parker, Esq.
5 Penn Plaza, Suite 2371
New York, New York 10001
Phone: (212) 596-7037
E-mail: scott.parker@piblaw.com

*Please reply to Somerset address:*
270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Phone: (908) 725-9700