UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI COUTO,<br><br>an individual,<br><br>                 Plaintiff,<br><br>  -against-<br><br>JPMORGAN CHASE & CO., a Delaware corporation,<br><br>                Defendant. | Case No.: 1:23-cv-09306-LTS<br><br>**DEFENDANT'S DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER TO COMPLAINT** |

      I, Scott W. Parker, an attorney duly licensed to practice law in the State of New York, declare and affirm under penalty of perjury as follows:

      1.      I am an attorney admitted to the practice of law in the State of New York and a partner of the law firm of Parker Ibrahim & Berg LLP, attorneys for JPMorgan Chase & Co. ("Defendant").

      2.      I submit this declaration in support of Defendant's Opposition to Plaintiff Yuri Couto's ("Plaintiff") Motion to Strike Defendant's Answer to Complaint and Entry of Judgment in Plaintiff's Favor ("Motion to Strike Answer").

**PRELIMINARY STATEMENT**

      3.      Defendant respectfully submits that this Court should deny Plaintiff's Motion to Strike Answer as procedurally defective, because Defendant did not file an Answer to Plaintiff's Complaint.

      4.      Further, to the extent that the Motion to Strike Answer was filed in opposition to Plaintiff's December 8, 2023 Motion to Dismiss the Complaint ("Motion to Dismiss"), this Court

should reject the filing, given that Plaintiff's Motion to Strike Answer fails to even address – much less rebut – any of Defendant's arguments in the Motion to Dismiss.

5. For these reasons, and as set forth herein, this Court should deny Plaintiff's Motion to Strike Answer, and the relief sought therein.

## STATEMENT OF FACTS & PROCEDURAL HISTORY

6. On October 21, 2023, Plaintiff filed a Complaint against Defendant, alleging that on October 5, 2023, Plaintiff sent Defendant a "contract novation" offer (the "Offer"), and on October 13, 2023, the Offer became a "binding contract" under which Plaintiff promised to pay Defendant $505,460,999,439.00 (the "Total Amount"), in consideration of the Total Amount of loan funds delivered by Defendant to Plaintiff's account.  (*See* ECF Doc. No. 1, ¶¶ 104.)

7. On November 14, 2023, the Court issued a Summons to Defendant.

8. On November 24, 2023, Plaintiff allegedly served Defendant by serving a copy of the Summons and Complaint on The Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware 19801, via Certified Mail.  (*See* ECF Docket, Doc. No. 7.)

9. On December 8, 2023, Defendant filed the Motion to Dismiss.  (*See* ECF Doc. Nos. 8-10.)

10. Also on December 8, 2023, Plaintiff sent Defendant a copy of the Motion to Strike Answer via email.  Defendant did not file the Motion to Strike Answer on the Court docket until December 12, 2023.  (*See* ECF Doc. Nos. 11-12.)

## LEGAL ARGUMENT

**I.     BECAUSE DEFENDANT DID NOT FILE AN ANSWER, THE
        MOTION TO STRIKE ANSWER IS PROCEDURALLY DEFECTIVE**

11. Because Defendant has not filed an answer, Plaintiff's Motion to Strike Answer is procedurally defective and must be denied.  Simply put, there is no answer to strike.

12. Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after service of the Summons and Complaint. Serving a motion under Rule 12, however, alters this time period, and a responsive pleading is only due if the court denies the motion. (*See* FRCP 12(a)(4)(A).)

13. Here, on December 8, 2023, Defendant timely served and filed a Motion to Dismiss. (*See* ECF Doc. Nos. 8-10.) If this Court denies the Motion to Dismiss, an answer will be due within 14 days of the Court's decision. (*See* FRCP 12(a)(4).) In the interim, however, Defendant need not file – and has not filed – an answer. As such, there is nothing to strike.

14. For this reason, the Motion to Strike is procedurally defective and should be denied.

## II. IF PLAINTIFF FILED THE MOTION TO STRIKE ANSWER IN OPPOSITION TO THE MOTION TO DISMISS, THIS COURT SHOULD REJECT THE FILING

15. To the extent that Plaintiff filed the Motion to Strike Answer in opposition to Defendant's Motion to Dismiss, this Court should reject the filing, in view of the fact that Plaintiff's Motion to Strike Answer fails to address – much less rebut – any of Defendant's arguments in the Motion to Dismiss.

16. In its Motion to Dismiss, Defendant argues that:

- Plaintiff's Complaint fails to state a claim for breach of contract, because there is no enforceable contract between the parties, and Plaintiff cannot transform Defendant's silence into acceptance of a contract offer. For this reason, dismissal pursuant to FRCP 12(b)(6) is warranted.

- This Court should also dismiss the Complaint under FRCP 12(b)(6) because Plaintiff improperly brought this action against the parent company of the home lending subsidiary. Further, to the extent that the Complaint can be read as attempting to pierce the corporate veil or rely on an agency or alter ego theory to hold Defendant liable for the alleged actions of a subsidiary, such an argument fails because: (i) the Complaint fails to allege *any* facts to support piercing the corporate veil, and (ii) even if Plaintiff had stated a valid claim for breach of contract (and he has not), such a claim, as a matter of law, does not warrant piercing the corporate veil.

- This Court should also dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(5), due to improper service, and FRCP 12(b)(2), due to lack of personal jurisdiction.

- Public policy weighs heavily in favor of rejecting Plaintiff's attempt to demand a $505 billion loan under the guise of an enforceable contract.

17. Plaintiff fails to address any of these arguments in its Motion to Strike Answer – much less rebut those arguments.

18. For this reason, to the extent that Plaintiff filed the Motion to Strike Answer as an opposition to Defendant's December 8, 2023 Motion to Dismiss, the Court should reject this filing.

## CONCLUSION

19. For all of the forgoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike Answer.

Date:   New York, New York
        December 21, 2023

**PARKER IBRAHIM & BERG LLP**
*Attorneys for Defendant*,
JPMorgan Chase & Co.

Scott W. Parker, Esq.
5 Penn Plaza, Suite 2371
New York, New York 10001
Phone: (212) 596-7037
E-mail: scott.parker@piblaw.com

*Please reply to Somerset address:*
270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Phone: (908) 725-9700