UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                            :

YURI COUTO, an individual,                     :
                                            :

                 Plaintiff,        :

                                            :         23-cv-9306 (LJL)

       -v-                     :
                                            :           ORDER

JPMORGAN CHASE & CO., a Delaware corporation,  :
                                            :

               Defendant.     :
                                            :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff pro se filed this complaint on October 21, 2023.  Dkt. No. 1.  Plaintiff filed a proof of service on November 26, 2023, stating that service was effected on defendant JPMorgan Chase & Co. ("Defendant") by certified mail to the Corporation Trust Company.  Dkt. No. 7.  Three motions are currently before the Court: (1) Defendant's motion to dismiss the complaint, Dkt. No. 8; (2) Plaintiff's "Motion to Strike Defendant's Answer to Complaint and Entry of Judgment in Plaintiff's Favor" ("Motion to Strike the Answer"), Dkt. No. 11; and (3) Plaintiff's "Motion to Strike Defendant's Pleadings and Challenge Authority of Alleged Agent" ("Motion to Strike Pleadings"), Dkt. No. 14.  This order resolves Plaintiff's motions.  Both motions are DENIED.

      Plaintiff's Motion to Strike the Answer at Dkt. No. 11 is without merit.  Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  Here, Defendant has not filed an answer.  Defendant has filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).  Under Federal Rule of Civil

Procedure 12(a)(4), where the defendant has filed a 12(b) motion, the defendant's responsive pleading is not due to be served until 14 days after notice of a decision by the court denying the motion.  Fed. R. Civ. P. 12(a)(4)(A).  No answer is yet due from Defendant and there is no answer to strike.  Plaintiff's Motion to Strike Pleadings at Dkt. No. 14 likewise is without merit largely for the same reasons.  There are no pleadings to be stricken.  In addition, to the extent that the motion seeks the same relief as the motion at Dkt. No. 11, it is procedurally improper. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").  To the extent that Plaintiff challenges the authority of defense counsel to act on behalf of Defendant, counsel has appeared by filing a motion to dismiss.  *See Fiedler v. Incandela*, 222 F. Supp. 3d 141, 156 (E.D.N.Y. 2016).

It is unclear whether Plaintiff intended the motions at Dkt. Nos. 11 and 14 to serve as responses to Defendant's motion to dismiss.  The time for a response to the motion to dismiss has run.  However, recognizing that Plaintiff is proceeding pro se, the Court will grant Plaintiff an additional fourteen days (or until February 8, 2024) to file a memorandum in response to the motion to dismiss.  Such memorandum should include all arguments that Plaintiff has in response to Defendant's motion (including any that are contained in the motions at Dkt. Nos. 11 and 14).  Defendant shall have seven days from the date of Plaintiff's filing on ECF of a memorandum in opposition to the motion to dismiss to file a reply memorandum.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 11 and 14.

SO ORDERED.

Dated: January 25, 2024
      New York, New York

                                              LEWIS J. LIMAN
                                   United States District Judge