UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of NEW YORK

YURI COUTO,

an individual,

-against-

JPMORGAN CHASE & CO., a Delaware
corporation.

Case 1:23-CV-09306-LJL

**CHALLENGE TO
AUTHORITY &
DEMAND TO SHOW
CAUSE AS PRESENTED
BY AFFIDAVIT OF YURI
COUTO**

To the Honorable Judge Liman of United States District Court for the Southern District of New

York:

I, Yuri Couto, Plaintiff, hereby and herein make my timely challenge to authority

**pursuant to the US Constitution's full faith and credit clause and Texas Code of Civil**

**Procedure Rule 12**, which provides that the **motions** and pleadings of any attorney who cannot

show authority to defend or prosecute a particular case must be stricken from the record.

Furthermore, **Federal Crop Insurance Corporation v Merrill, 332 US 380 at 384**, "Whatever the

form in which the Government functions, anyone entering into an arrangement with the

Government takes the risk of having accurately ascertained that he who purports to act for the

Government stays within the bounds of his authority … And this is so even though, as here, the

agent himself may have been unaware of the limitations upon his authority." As further

supported by <u>Tarver, Steele & Co. v. Pendleton Gin Co.</u> 25 SW 2d 156 (Tex Civ Appl 1930)

Principal and Agent – "**<u>Agency is never presumed, and burden of proof is on one asserting its</u>**

**<u>existence.</u>**"

## TEXAS RULE 12 CHALLENGE

1. Without waiving any other remedy or right, I, Yuri Couto, Plaintiff, state that I do not

   believe that Scott W. Parker; Diane C. Ragosa and/or PARKER IBRAHIM & BERG LLP

   have the authority to act for the Defendant and hereby and herein make this challenge

   pursuant to Rule 12 of the Texas Rules of Civil Procedure and Full Faith and Credit

   Clause and make a substantive challenge as a matter of right as to associated

   fundamental principles of LAW both State and Federal. Lawful proof of the authority of

   Scott W. Parker; Diane C. Ragosa and/or PARKER IBRAHIM & BERG LLP is hereby

   demanded, and if there is any subrogation and/or insurable interest, that the actual

   policies are made available to me at least ten days in advance and also produced on the

   record, and put into evidence with full disclosure as to whom is covered, and for what

   specific acts, thus no appearance by Scott W. Parker; Diane C. Ragosa and/or PARKER

   IBRAHIM & BERG LLP until this is settled. A hearing is necessary to ascertain the

   relevant evidence, after which, if authority can be shown, the court shall then declare

   specifically whether it presumes that Scott W. Parker; Diane C. Ragosa and/or PARKER

   IBRAHIM & BERG LLP are employees OR independent contractors. I demand full

   disclosure of what Scott W. Parker; Diane C. Ragosa and/or PARKER IBRAHIM & BERG

   LLP fees are with each party with any and all costs being disclosed since attorneys have

been found to have two sets of accounting, as in $300 / hour if the clients lose and have

to pay OR $500 / hour if the opposing party is ordered to pay.

2.  I hereby and herein make my Offer of Proof that Scott W. Parker; Diane C. Ragosa

and/or PARKER IBRAHIM & BERG LLP have by their actions verified their intent to

violate oaths to the Constitution and proceed with involvement in the criminal cover up

of criminal acts, in the nature of acting in violation of 18 USC 1348, Securities and

commodities fraud, Texas Penal Code 38.05 Hindering Apprehension or Prosecution by

specific intent, and other CRIMES executed by specific intent in the nature of Deceptive

Trade Practices, acting ultra vires in an ongoing scheme which still has the potential to

commit even more Stolen Securities Transportation and Laundering of Monetary

Instruments as defined and punishable by 18 USC 2314 and 18 USC 1956.

3.  A show cause hearing is demanded as to authority, if any, of that Scott W. Parker; Diane

C. Ragosa and/or PARKER IBRAHIM & BERG LLP.


## **VERIFICATION 28 USC 1746(1)**

Respectfully submitted under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct,

> /s/ Couto, Yuri-Jacintho, agent and bene. without prejudice Date: January 26, 2024
> YURI J COUTO, Principal
> c/o 9302 N 28th St
> Tampa, Florida [33612]
> Hillsborough County
> 813-846-2395
> Yuric96@yahoo.ca

## CERTIFICATE OF CONFERENCE

Upon Conference, Scott W. Parker; Diane C. Ragosa and/or PARKER IBRAHIM & BERG LLP

are **OPPOSED** to this Challenge to Authority pursuant to Rule 12 of the Texas Rules of Civil

Procedure, Constitutional Full Faith and Credit Clause, and associated fundamental principles

of law.

> /s/ Couto, Yuri-Jacintho, agent and bene. without prejudice Date: January 26, 2024
> YURI J COUTO, Principal

## FIAT

Hearing on the above matter is set for _____ am on the _____ day of the

_____ month in the year 2024.

_____

Judge Presiding

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document is sent to the Defendant,

plus under protest sent by email to Scott W. Parker; Diane C. Ragosa and/or PARKER

IBRAHIM & BERG LLP.

> /s/ Couto, Yuri-Jacintho, agent and bene. without prejudice Date: January 26, 2024
> YURI J COUTO, Principal